TRI-STATE CONCRETE, INC., et al., Respondents, *v.* NATIONWIDE MUTUAL INSURANCE CO., Appellant, et al., Defendants.

Third Department, March 27, 1958.

*William E. J. Connor, Morris Millman* and *John Siegrist* for appellant.

*James S. Carter* for respondents.

GIBSON, J. The defendant insurance company appeals from a declaratory judgment that an automobile liability insurance policy issued by it to the owner of a dump truck which was used to deliver material required in plaintiffs' business afforded coverage to plaintiffs for liability sought to be charged to them for alleged negligence in failing to supervise delivery, whereby an accident occurred.

While employed as a cement inspector by engineers for the New York State Thruway Authority, James J. O'Brien sustained injuries resulting in his death when the dump truck in question backed into him, while it was in the process of delivering batch mix concrete to a construction site. An action in negligence was brought by decedent's administratrix against a number of defendants and is now pending. The complaint in that action alleges that Tri-State Concrete, Inc., a defendant in that action and a plaintiff in this, contracted to supply batch mix to the job and, in turn, entered into an agreement with the truck owner whereby the latter agreed to supply a truck to haul batch mix " to the site of construction and pouring of cement." The driver, William D. Lewis, a defendant in the negligence action and in this, was the truck owner's employee.

The complaint in the negligence action alleges negligence on the part of Tri-State " in failing to supervise the safe delivery of its batch mix to the site of construction, in allowing its agent, servant and/or employee defendant, William D. Lewis, to deliver said batch mix to the site of construction in a negligent and dangerous manner under the conditions then prevailing; in failing to provide safe and proper supervision of the operation of the truck and driver hired by it to deliver the aforesaid batch mix to the site of construction; in allowing

the aforesaid defendant, William D. Lewis, to drive the aforesaid truck in reverse under the conditions then prevailing without direction and supervision of a truck 'spotter' to direct him and to warn him of the presence of decedent in his path and/or to stop defendant, William D. Lewis from striking, running over and causing the death of decedent and in failing to provide proper safeguards so as to warn decedent of his danger from the backing of the aforesaid truck.''

Apparently one of the plaintiffs-respondents is the successor of the other and for convenience they are hereinafter referred to collectively.

The policy in question indemnifies '' the Insured '' for damages '' sustained by any person, caused by accident and arising out of the ownership, maintenance or use of the automobile ''; stipulates to defend suits against '' the Insured ''; and provides that '' the unqualified word 'Insured' includes the Named Insured and, if the Named Insured is an individual, his spouse if a resident of the same household, and also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the Named Insured or such spouse or with the permission of either.''

The complaint in the declaratory judgment action alleges, and the answer admits, that the truck was being used by its owner and driver with the permission and consent, and in the business of the respondents. Thus the quoted proviso as to actual use, by permission, is satisfied. The inquiry, then, is whether respondents also were '' using the automobile '' or were '' legally responsible for the use thereof '' within the meaning of the policy provisions. It is urged that in the absence of any affirmative act of direction or control by the respondents, there was no use by them, and appellant would thus distinguish those cases which have held that similar insurance coverage extended to a person who performed loading or unloading operations in connection with the insured vehicle, although he was not concerned with its mechanical operation and was not in its owner's employ. (See, e.g., *Wagman* v. *American Fidelity & Cas. Co.*, 304 N. Y. 490, and discussion there of *Zurich Gen. Acc. & Liability Ins. Co.* v. *Eagle Ind. Co.*, 279 App. Div. 574, motion for leave to appeal denied 303 N. Y. 1016; *Liberty Mut. Ins. Co.* v. *Steenberg Constr. Co.*, 225 F. 2d 294.)

We need not, however, determine whether an affirmative act was necessary to constitute ''use '' if respondents were, nevertheless, '' legally responsible for the use '' of the vehicle.

Although both of these provisions appeared in the insurance policy construed in the *Wagman* case (*supra*), the court found that the acts of the store owner's employee in connection with the loading operation constituted use of the vehicle, and the alternative provision was not discussed. In denying its liability under this provision, appellant argues that the complaint in the negligence action contains no allegation of any duty on respondents' part to supervise or direct and, therefore, that respondents may not be found legally responsible for the vehicle's use. In the light of the allegations which we have quoted, this contention seems to us largely semantic and certainly unsound. That the complaint charges the existence of a duty of supervision and direction, as well as its breach, seems clear under the liberal construction we are bound to accord the pleading. Implicit in the allegations of negligent failure of supervision are the premise and the charge that the duty to supervise existed. We equate supervision to use and obligation of supervision to legal responsibility for the use.

The rights of the parties concerned with this appeal will ultimately depend upon the proof adduced, and the determination reached upon the trial of the administratrix' action. That being so, the rule of liberal construction of pleadings seems to us to apply with especial force to cases such as this, in which potential rights should not be extinguished in advance by overtechnical treatment of a pleading which neither of these parties drafted and which neither of them can control by curative amendment or otherwise. Our conclusion can, of course, in no way prejudice the determination of appellant's liability upon the merits and imports merely that, within the frame of the negligence complaint, the plaintiff administratrix may prove, as against respondents, liability of a nature which will entitle them to indemnity by appellant. That complaint is in no way obscure and contains no ambiguity. The issues as to the existence of any obligation of supervision by respondents and as to its performance or breach, if it existed, are well and simply defined and can be clearly submitted to a jury by appropriate instructions and be resolved by special findings, should the development of the proof render that procedure advisable.

Appellant also appealed from the order of the Special Term denying reargument but stated upon the argument here that it raises no contention with respect thereto. We fail to find the policy indorsement which was the basis of the motion for reargument relevant to the issue here presented.

The judgment should be affirmed, with costs to respondents, and the order denying reargument should be affirmed, without costs.

FOSTER, P. J., BERGAN and COON, JJ., concur.

Judgment affirmed, with costs to respondents, and order denying reargument affirmed, without costs.